UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| QUINTIN WOODSON, | ) |
| Defendant. | ) |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Ricardo Dixon, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

**Grounds for Detention**

1.  The defendant is charged in Counts I, IV, V, and VI with knowingly and intentionally distributing a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance. Defendant is further charged in Count II, with knowingly and intentionally possessing with the intent to distribute a mixture or substance containing a detectable amount of fentanyl. Lastly, the Defendant is charged with knowingly possessing one or more firearms in furtherance of a drug trafficking crime. The penalties for Counts I, II, IV,V, and VI

shall be a maximum term of imprisonment of not more than 20 years as prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.). The penalty for Count III shall be a term of imprisonment of not less than 5 years (18 U.S.C. 924(c)(1)(A)(i).

## Presumption of Detention

2.	The defendant is charged in Counts I, II, III, IV, V, and VI with offenses for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) and a rebuttable presumption exists that no condition or combination of conditions will reasonably assure the appearance of defendant or the safety of the community.  *See* 18 U.S.C. § 3142(e)(3)(A) and (f)(1)(C).

## The Nature and Circumstances of the Offense

3.	Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and characteristics of the offense charged, including whether the offense involves a controlled substance or a firearm.  Because the offenses with which the defendant is charged involves a controlled substance and a firearm, the first of the § 3142(g) factors weighs in favor of detention.

## The Weight of the Evidence Against the Defendant

4.	Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant.  The government submits that the evidence against the defendant is very strong.

5.	On August 5, 2021, Defendant knowingly and intentionally distributed fentanyl to a confidential source. That confidential source positively identified the defendant, and investigators seized the fentanyl immediately after the confidential source obtained it from

defendant. The confidential source was also equipped with an audio recording device that corroborated what the confidential source told investigators.

6. Subsequently, on October 8, 2021, law enforcement executed a search warrant at an apartment that Defendant resided in. Upon execution of the search warrant, law enforcement located a substantial amount of fentanyl pills inside the dresser of where defendant and defendant's girlfriend resided. Law enforcement also located a pistol inside the residence. Defendant was located inside the residence at the time of the execution of that search warrant. Those narcotics were seized and defendant later told Task Force Officers during a recorded interview that he sold narcotics from the residence. He also claimed ownership of the pistol found inside the residence.

7. During the month of January 2022, investigators learned that Defendant continued to knowingly distribute fentanyl to other individuals. On January 12, January 14, and January 19, 2022, investigators utilized a confidential source to conduct controlled purchases of fentanyl capsules from Defendant. On each occasion, the confidential source positively identified defendant. In each instance, investigators were able to successfully obtain the narcotics that Defendant distributed to the confidential source.

8. On April 26, 2022, the government was made aware that defendant was apprehended without incident. Defendant was apprehended inside of an apartment in Rolla, Missouri. The government was made aware that when law enforcement apprehended Defendant, law enforcement also located approximately 100 capsules of suspected fentanyl inside the residence. The suspected fentanyl capsules have not been tested, however, law enforcement believe that the capsules were in fact fentanyl, or at the very least a different narcotic, based on their training and experience.  To the government's knowledge, those suspected fentanyl capsules

were near Defendant's two minor children. Defendant's children were subsequently taken custody of by the Missouri Department of Social Services.

### The History and Characteristics of the Defendant

9.  Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

10. The Government has not been made aware that Defendant has any recorded criminal history. The government believes that Defendant does not have any type of employment, and supports himself financially by distributing and selling fentanyl to other individuals.

### The Nature and Seriousness of the Danger to the Community

11. Defendant was found in possession of distributable amounts of fentanyl on October 8, 2021. Fentanyl is an extremely dangerous narcotic that possesses an extreme danger to the community due to its heightened ability to cause death as a result of overdosing. Even after defendant encountered law enforcement and had fentanyl seized from his residence he continued to distribute fentanyl to others during the month of January. When Defendant was taken into custody on April 26, 2022, he was again in found in possession of a large amount of fentanyl capsules; this time, in the presence of his children. Defendant's actions have shown that he poses an immediate danger to others he distributes fentanyl to, and has shown that he is willing to place his children in danger by allowing them to be near such a dangerous and deadly narcotic.

12. The Government believes that if released, Defendant will immediately return to selling and distributing fentanyl to various individuals in the community. The safety of the

community would be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

13. The Government does not concede that Defendant is not a risk of flight, however, the government's argument regarding pretrial detention rest on Defendant's danger to the community.

### Conclusion

14. The government submits that when considering all of the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh in favor of detention. There is a presumption of detention and there is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

        Respectfully submitted,
        Sayler A. Fleming
        United States Attorney

        */s/ Ricardo Dixon*
        Ricardo Dixon
        Assistant United States Attorney